**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Kristina De La Rosa (SBN 279821)
kdelarosa@ckslaw.com
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, II (SBN 146621)
sahagii@aol.com
18250 Ventura Blvd.
Tarzana, California 91356
Telephone: (818) 609-0807/Facsimile: (818) 609-0892

Attorneys for Plaintiff  Jose Contreras, on behalf of  himself
and other similarly situated and similarly aggrieved employees

FILED
CLERK, U.S. DISTRICT COURT

June 17, 2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MM___ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONTRERAS, on behalf of himself and other similarly situated and similarly aggrieved employees,<br><br>            Plaintiff,<br><br>      vs.<br><br>AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. 5:19-cv-000641-GW (SHKx)<br><br>**CLASS ACTION AND PAGA REPRESENTATIVE ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, AND RESTITUTION**<br><br>1. **FAILURE TO PAY MINIMUM AND REGULAR WAGES**<br><br>2. **FAILURE TO PAY OVERTIME WAGES**<br><br>3. **FAILURE TO PROVIDE MEAL PERIODS**<br><br>4. **FAILURE TO PROVIDE REST PERIODS**<br><br>5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

6.  **FAILURE TO PAY WAGES TIMELY TO TERMINATED EMPLOYEES**

7.  **UCL CLAIM**

8.  **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME WAGES**

9.  **CIVIL PENALTIES UNDER THE PAGA FOR UNLAWFUL DEDUCTION OF WAGES**

10. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE MEAL PERIODS**

11. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

12. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO TIMELY PAY ALL WAGES DUE UPON TERMINATION OF EMPLOYMENT**

13. **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE WRITTEN NOTICE PURSUANT TO LABOR CODE**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff JOSE CONTRERAS ("Plaintiff"), individually, on behalf of other similarly situated and similarly aggrieved employees hereby alleges as follows:

## I.

## INTRODUCTION

1.     Plaintiff brings this proposed class action against his former employer and Defendant AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company, and DOES 1-10 (collectively referred to as "Defendants") for multiple wage and hour violations under the California Labor Code to recover unpaid minimum, regular, and overtime wages. Specifically, during all or a significant part of the applicable limitations period, or proposed "class period" (which is defined at any time from four years prior to the commencement of this action until the commencement of trial in the matter), Plaintiff alleges Defendants did not pay him or other hourly non-exempt employees properly-calculated overtime wages because non-discretionary incentive pay and/or bonuses were not figured into their regular rate of pay for purposes of payment of overtime compensation. Defendants also failed to properly pay all wages as a result of an unlawful rounding policy designed to only benefit Defendants and deprive employees of wages for all hours worked. Plaintiff additionally seeks to recover damages and penalties for Defendants unlawful deduction of wages, and seeks to recover compensation for missed statutory meal periods.

2.     Plaintiff brings this lawsuit as a PAGA Representative Action behalf of the state of California, and aggrieved current and former employees. Pursuant to Labor Code sections 2698, *et seq*., Plaintiff seeks to recover civil penalties, restitution of wages as civil penalties, and reasonable attorney's fees and costs. Plaintiff, by operation of law, has standing and capacity to sue as a representative of the State of California. Plaintiff mailed written notice of the specific provisions of the code that Defendants violated, including the facts and theories to support the alleged violations, to the LWDA and to Defendant Americold Logistics, LLC

- 1 -

pursuant to Labor Code section 2699.3 on January 11, 2019. A true and correct copy of the notice is attached as **Exhibit 1** and incorporated by this reference. Defendants did not provide notice of cure and the LWDA did not provide notice of investigation in the 65 days after the January 11, 2019 mailing of the PAGA notice.

3.    Pursuant to Cal Labor Code sections 2698, *et seq.*, Plaintiff seeks to represent all current and former aggrieved employees who suffered one or more of the alleged violations ("similarly aggrieved employees") as described herein during the applicable limitations period for the time period covered by the PAGA (which is defined as any time from one year and 65 days prior to the commencement of this action until the commencement of trial in the matter, and includes the time in which this case was stayed while pending in the San Bernardino Superior Court Case No. CIV-DS1605720 pursuant to the Court's order filed on March 1, 2019). The applicable limitations period is referred herein as "the PAGA period."

## II.

## <u>JURISDICTION AND VENUE</u>

4.    This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1446, and 1453 because, upon information and belief, the overall damages Plaintiff may recover exceeds $5 million.

5.    Supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367.

6.    The Court has personal jurisdiction over Defendants because Defendants presently and at all times relevant to this action have conducted substantial and continuous commercial activities including maintaining offices and warehouses in California.

7.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this District, this court has personal jurisdiction over the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

Defendants, and the parties to this action consented to this venue.

## III.

## THE PARTIES

8.     Plaintiff JOSE CONTRERAS is former employee of Defendants. At all relevant times, he was employed by Defendants as a non-exempt hourly warehouse worker in San Bernardino County from approximately September 2013 until his discharge in or around April 2018.

9.     Plaintiff alleges that all other non-exempt hourly employees in the State of California worked under Defendants' policies and as a result, suffered the same violations alleged herein.

10.     Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him and, therefore, is properly suited to represent the interests of all other current and former employees of Defendants.

11.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Americold Logistics, LLC, a Delaware Limited Liability Company, is a provider of temperature-controlled infrastructure, and offers cold storage warehouses and other related services to food and beverage retailers and manufacturers.

12.     Pursuant to California Labor Code section 558.1, Defendants are employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as California Labor Code sections 203, 226, 226.7, 1193.6, and 1194.

13.     At all times relevant Americold Logistics, LLC did, and does, transact and conduct business in the state of California, including, but not limited to, within the jurisdiction of the Court. At all times relevant, Americold Logistics, LLC was Plaintiff's employer for purposes of the California wage and hour laws at issue in this action.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

CLASS AND PAGA ACTION COMPLAINT                    CASE NO. 5:19-cv-00641-GW (SHKx)

14.     Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged of Defendants sued as DOES 1 through 10, but is informed and believes, and based on that alleges, that DOE Defendants are legally responsible for the wrongful conduct alleged, and sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

15.     Plaintiff is informed and believes and, based thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly situated and similarly aggrieved employees, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

16.     At all times during the liability period, Plaintiff and similarly situated and similarly aggrieved employees were employed by Defendants and each of them, including DOE Defendants, within the state of California.

17.     At all relevant times, Plaintiff and other similarly situated and similarly aggrieved employees of Defendants worked under the same policies, practices, and procedures relating to their employment, including those governing wage statements, recordkeeping, payment of wages, and provision of meal periods applicable to Defendants' facilities.

18.     During the Class Period, Defendants maintained common policies and practices of failing to pay all required wages for all hours worked.

19.     The California Labor Code and applicable IWC Wage Order and portions of the California Code of Regulations provide that all persons employed in

- 4 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the State of California shall be (1) presumed to be an hourly or non-exempt employee; (2) that all "hours worked" and subject to the control of the employer, whether exercised or not, are to be paid at least the minimum wage as determined by the State of California, and for overtime wages at either 1.5x the regular rate of pay or 2.0x the regular rate of pay when "hours worked" exceeds 8 hours in a single day or shift, or over 40 hours in a 168-total hour work. Labor Code sections 1194, *et seq.* provide that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime or minimum wage compensation is entitled to recover in a civil action the unpaid balance of their owed compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

20.     Plaintiff and all similarly situated and similarly aggrieved employees are covered under one or more IWC Wage Orders ("Wage Orders"), and Labor Code section 510, and/or other applicable wage orders, regulations and statutes, and each similarly situated and similarly aggrieved employees were not subject to an exemption for executive, administrative, professional employees, or any other exemption, which imposed an obligation on the part of the Defendants to pay Plaintiff and similarly situated and similarly aggrieved employees lawful minimum and overtime compensation, as well as to provide statutory meal periods.

21.     Plaintiff and each similarly situated and similarly aggrieved employee worked in excess of the maximum regular rate hours set by the IWC in the above Wage Orders, regulations, or statutes, and are therefore entitled to appropriate overtime compensation at time and a half (1½) rate of their regular pay, and when applicable, double-time rates as set forth by the above Wage Orders, regulations, and/or statutes.

22.     Plaintiff and similarly situated and similarly aggrieved employees regularly worked overtime hours exceeding 8 hours per day, but were not paid at the correct overtime rate of pay because non-discretionary incentive pay and/or bonuses were not included in their regular rate of pay, as required by Labor Code sections

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

510 and 1194, and section 3 of the applicable IWC wage order. Plaintiff and other similarly situated and similarly aggrieved employees earned incentive pay in the same workweek and/or pay period in which they worked overtime. The additional compensation was not included in the employees' regular rate of pay for purposes of calculating the proper overtime payment. As a result, Defendants failed to pay all overtime wages to Plaintiff and to similarly situated and similarly aggrieved employees.

23.   During the Class Period, Defendants maintained a common policy and practice of unlawfully rounding hours worked which resulted in the failure to pay for all hours worked as required by law to similarly situated and similarly aggrieved employees. The rounding policy was not neutral on its face, nor in application. Rather, Defendants' rounding policy operated unilaterally to the benefit of Defendants and to detriment of Plaintiff and other similarly situated and similarly aggrieved employees. Plaintiff was earning an hourly rate of compensation of $18.40 per hour at the time of his termination. On average, Defendants deducted 12 minutes per pay period to Plaintiff, resulting in a loss of more than $3 per pay period for easily measurable time that should have been paid. Other similarly situated and similarly aggrieved employees over time lost more hours worked than gained due to the unlawful rounding policy.

24.   Upon information and belief, Plaintiff and other similarly situated and similarly aggrieved employees worked in non-exempt, hourly positions, and during the relevant time period, each was subject to the Defendants' rounding policy that resulted in underpayment of all minimum, regular, and overtime wages owed.

25.   Defendants' rounding policy also resulted in the failure to pay all required overtime wages when the rounding deducted from shifts worked in excess of 8 hours in one day, or 40 hours in one work week, and when the rounding deducted from shifts which otherwise would have exceeded 8 hours in length or totaled 40 hours in one workweek.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

26.     During the Class Period, Defendants failed to provide rest and meal period as required by law to Plaintiff and similarly situated and similarly aggrieved employees. At all relevant times, Defendants maintained a break policy that stated: "Associates will be provided a fifteen (15)-minute rest break for each four (4) hours of  scheduled work…A thirty (30)-minute unpaid meal break will be granted to associates scheduled to work at least (6) hours in the day. Associate working over ten (10) hours per day will be given an additional fifteen minute rest break."

27.     Defendants' break policy failed to provide adequate rest and meal periods because it provided rest and meal periods based on scheduled hours of work instead of actual hours worked.

28.     Defendants did not maintain a compliant meal period policy applicable to Plaintiff and other similarly situated and similarly aggrieved employees, nor did they inform their employees, including Plaintiff, that they were permitted to take meal periods as provided under the California Labor Code.

29.     During the Class Period, Plaintiff and other similarly situated and similarly aggrieved employees were regularly prevented from taking timely compliant meal periods of at least thirty minutes and/or were not permitted to take a meal period prior to the end of the fifth hour of work. Accordingly, Defendants failed to provide Plaintiff and other similarly situated and similarly aggrieved employees an opportunity to take 30-minute, uninterrupted off-duty meal periods for days in which they worked more than 5 hours. Plaintiff and other similarly situated and similarly aggrieved employees were also not provided an opportunity to take a second meal period when they worked shifts greater than 10 hours.

30.     During the Class Period, the Defendants, and each of them, required Plaintiff and similarly situated and similarly aggrieved employees to work without taking statutory meal periods and failed to pay similarly situated and similarly aggrieved employees an hour's pay in lieu thereof.

31.     During the Class Period, Defendants did not maintain a compliant rest

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

period policy applicable to Plaintiff and other similarly situated and similarly aggrieved employees, nor did they properly inform their employees, including Plaintiff, that they were permitted to take rest periods as provided under the California Labor Code.

32.    Defendants did not provide rest periods for every four hours or major fraction thereof worked as required by law. For example, an employee working 3.5 - 4 hours of work, regardless of the scheduled length, should have been provided a rest period. Under Defendants' policy and on information in practice, and belief, Defendants' failed to do so. Similarly, an employee working between 6 hours and 10 hours should have been provided an additional 10-minute off-duty rest period. Under Defendants' policy and on information and belief in practice, Defendants failed to do so. An employee working more than 10 hours in a workweek should have been provided at least 3 ten-minute breaks. The amount of breaks is based on actual hours worked and not based on the initially scheduled hours.

33.    During the Class Period, the Defendants, and each of them, required Plaintiff and similarly situated and similarly aggrieved employees to work without taking statutory rest periods and failed to pay similarly situated and similarly aggrieved employees an hour's pay in lieu thereof.

34.    As a result of the failures to pay all minimum, regular, and overtime wages, as described herein, Defendants further failed to pay Plaintiff and all other similarly situated and similarly aggrieved employees timely during employment as required by Cal. Labor Code section 204.

35.    During the applicable limitations period, the Defendants, by virtue of centralized and uniform pay policies, failed to provide accurate, itemized wage statements to Plaintiff, and similarly situated and similarly aggrieved employees, as required by Labor Code section 226. The wage statements did not accurately state the number of hours worked due to the deduction of hours worked on account of rounding. Wage statements did not accurately list all rates of pay and all applicable

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

hours worked at each rate, nor did they include the accurate amount of net and gross wages actually earned.

36.     Plaintiff's employment ended in or around April 2018. At the time of his separation from employment, he was owed minimum wages, regular wages, overtime wages for all hours worked, including all shifts where the rounding resulted in underpayment of wages during the relevant time period, and meal period and rest period premium wages. Similarly, Defendants failed to pay all wages and premiums owed Plaintiff, and other similarly situated and similarly aggrieved employees terminated employees, as required by Labor Code section 203.

37.     During the Class Period, the Defendants failed to pay all wages owed to terminated similarly situated and similarly aggrieved employees. As a result, Plaintiff and other similarly situated and similarly aggrieved employees are owed waiting time penalties.

38.     Defendants have engaged in unfair business practices in California and willingly and knowingly have practiced, employed, and utilized the employment patterns and practices alleged in this complaint in violation of Business & Professions Code sections 17200, *et seq* in an attempt to improperly lower the costs of doing business to gain an unfair economic advantage.

## V.

## <u>CLASS ACTION ALLEGATIONS</u>

39.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. The members of the Plaintiff Class are defined as follows:

> All individuals employed by Defendants in the State of California as hourly non-exempt employees at any time four years prior to February 22, 2019 until the time of trial in this action (the "Class" or "Plaintiff Class").

40.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

follows:

> Plaintiff Subclass One ("Rounding Subclass"): All members of the Plaintiff Class who, within the applicable limitations period, were subject to Defendants' policy of rounding hours worked.

41.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

> Plaintiff Subclass Two ("Regular Rate of Pay Subclass"): All members of the Plaintiff Class of Defendant in the State of California who, within the applicable limitations period, were subject to a policy of not including non-discretionary incentive pay and/or bonus compensation in the regular rate of pay for purposes of calculating overtime premium pay.

42.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

> Plaintiff Subclass Three ("First Meal Period Subclass"): All members of the Plaintiff Class who, within the applicable limitations period, worked a shift of five hours or more and were subject to a policy not to provide a compliant 30-minute meal period or one hour of pay at the employee's regular rate of pay in lieu thereof.

43.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

> Plaintiff Subclass Four ("Second Meal Period Subclass"): All members of the Plaintiff Class who, within the applicable limitations period,  worked a shift of ten hours or more and were subject to a policy not to provide a compliant second 30-minute meal period or one hour of pay at the employee's regular rate of pay in lieu thereof.

44.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

CLASS AND PAGA ACTION COMPLAINT                          CASE NO. 5:19-cv-00641-GW (SHKx)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff Subclass Five ("Rest Period Subclass"): All members of the Plaintiff Class who, within the applicable limitations period, worked a shift of three and a half hours or more and were subject to a policy not to provide a compliant rest period of at least 10 minutes for every four hours worked or major fraction thereof, or one hour of pay at the employee's regular rate of pay in lieu thereof.

45.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

Plaintiff Subclass Six ("Wage Statement Subclass"): All members of the Plaintiff Class who, within the applicable limitations period, were not provided accurate itemized wage statements.

46.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

Plaintiff Subclass Seven ("Waiting Time Subclass"): All members of the Plaintiff Class who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment, and were subject to the Defendants' policy and/or practice of failing to timely pay wages upon termination.

47.    Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is defined as follows:

Plaintiff Subclass Eight ("The UCL Subclass"): All members of the Plaintiff Class, within the applicable limitations period,  who are owed restitution as a result of Defendants, whose business acts and practices to the extent such acts and practices are found to be unlawful, deceptive and/or unfair.

48.    Plaintiff reserves the right under Federal Rules of Civil Procedure, Rules 23(c)(4) and (5) and other applicable law to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the Plaintiff Class. Plaintiff seeks class-wide

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

recovery based on the allegations set forth in this complaint. The Court can define the Plaintiff Class and create additional subclasses as may be necessary or desirable to adjudicate common issues and claims of the Plaintiff Class Members if, based on discovery of additional facts, the need arises.

49.    As set forth in the Prayer, below, Plaintiff will move the Court to try the UCL Subclass Claims before the Court in Equity before trying the legal claims to a trier of fact in this action. See, *Hoopes v. Dolan,* 168 Cal.App.4th 146, 156-157 (2008); *Pellegrino v. Robert Half Intern., Inc.,* 181 Cal.App.4th 713 (2010) ["[B]etter practice" is for "the trial court [to] determine the equitable issues before submitting the legal ones to the jury."]. Same, *Hodge v. Superior Court,* 145 Cal.App.4th 278, 284 (2006) and *Nwosu v. Uba,* 122 Cal.App.4th 1229, 1238, 1244 (2004).

50.    This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed Plaintiff Class is easily ascertainable through the records Defendants are required to keep.

51.    <u>Numerosity</u>.  The members of the Plaintiff Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are more than 100 Class Members.

52.    <u>Commonality</u>.  Common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual members of the Plaintiff Class. These common questions include, but are not limited to:

> a.    Did Defendants violate Labor Code sections 510 or 1194 by failing to pay minimum, regular, and/or overtime wages for all hours worked, including time subject to Defendants' control?
>
> b.    Did Defendants fail to pay all wages by failing to pay all

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

overtime wages as a result of failing to properly calculate the regular rate of pay?

c.   Did Defendants violate Labor Code sections 201 and/or 202 by not paying Class Members who are no longer employed by Defendants all earned wages, including straight-time wages and overtime wages, upon their termination of employment? If so, were such violations "willful" within the meaning of Labor Code section 203?

d.   Whether Defendants violated Labor Code sections 512 and 226.7 by failing to provide compliant first and second meal periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted meal period?

e.   Whether Defendants violated Labor Code section 226.7 and section 11 of the applicable IWC Wage Order regarding meal periods?

f.   Whether Defendants violated Labor Code section 226.7 by failing to provide compliant rest periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted rest period?

g.   Whether Defendants violated Labor Code section 226.7 and section 11 of the applicable IWC Wage Order regarding rest periods?

h.   Whether Defendants engaged in business acts or practices which violate California's Unfair Competition Law ("UCL") as it relates to their policies and practices as to wages and pay?

i.   What are the effects and the extent of any injuries sustained by the Plaintiff Class and Plaintiff Subclass Members and appropriate type and/or measure of damages?

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

j. What is the appropriateness and nature of relief to each Plaintiff Class and Subclass Member?

k. What is the extent of liability of each Defendant, including DOE defendants, to each Plaintiff Class and Subclass Member?

53. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other members of the Plaintiff Class. Plaintiff and other members of the Plaintiff Class were subject to the same policies and practices of Defendants resulting in underpayment for straight-time and overtime hours and the failure to pay all wages. Defendants failed to provide accurate, itemized wage statements to Plaintiff and members of the Plaintiff Class. Defendants did not provide for compliant meal periods or pay premiums in lieu thereof. Defendants also failed to pay all wages owed to Plaintiff and Plaintiff Class Members upon termination of employment.

54. <u>Adequacy</u>. Plaintiff will adequately and fairly protect the interests of the members of the Plaintiff Class. Plaintiff has no interest adverse to the interests of absent Class Members. Plaintiff is represented by attorneys who have substantial class action experience in wage-and-hour and class action law.

55. <u>Superiority</u>. A class action is superior to other available means for fair and efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

judgments raised by individual litigation.

# VI.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM AND REGULAR WAGES FOR ALL HOURS WORKED**
**(Labor Code §§ 204, 1194, 1194.2, and 1197)**
**(On Behalf of Plaintiff and the Rounding Subclass Against Each Defendant)**

56.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

57.     Labor Code section 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

58.     Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

59.     Labor Code section 221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

60.     Labor Code section 223 states: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

61.     Section 4 of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

62.     Labor Code section 1194 states: "Notwithstanding any agreement to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 15 -

work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

63.     As set forth herein, Defendants willfully breached their obligation to pay minimum and regular wages to Plaintiff and members of the Rounding Subclass for all hours worked.

64.     Plaintiff and members of the Rounding Subclass did not receive proper protections and benefits of the laws governing the minimum wages. As set forth above, members of the Rounding Subclass were not paid all minimum and regular wages for all hours worked.

65.     Furthermore, Plaintiff and other members of the Rounding Subclass were not properly paid for all hours worked including, but not limited to, the time Plaintiff and members of the Rounding Subclass hours were deducted due to an unlawful rounding policy.

66.     As a result of the unlawful acts of Defendants, Plaintiff and the Rounding Subclass he seeks to represent have been deprived of minimum and regular wages and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, liquidated damages in an amount equal to the wages unlawfully unpaid, attorneys' fees, and costs to the fullest extent permitted by law.

67.     Plaintiff and the members of the Plaintiff Class he seeks to represent request relief as described below.

///

///

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**
**(Labor Code §§ 510, 1194)**
**(On Behalf of Plaintiff and the Rounding and Regular Rate of Pay Subclasses**
**Against Each Defendant)**

68.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

69.     Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

70.     Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

71.     Section 3 of the applicable IWC Wage Order provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

72.     As set forth herein, Defendants willfully breached their obligations to pay overtime wages, violating the provisions of Labor Code sections 510 and 1194, and the applicable Wage Order.

73.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

information and belief, Defendants failed to pay Plaintiff and Plaintiff Class Members all overtime wages for all overtime worked based on the unlawful rounding policy and incorrect regular rate of pay calculations all in violation of Labor Code sections 510, 1198, and the applicable Wage Order.

74.     As a result of the unlawful acts of Defendants, Plaintiff and the Plaintiff Class and the Rounding and Regular Rate of Pay Subclasses he seeks to represent have been deprived of overtime wages and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs.

75.     Plaintiff and the members of the Plaintiff Class he seeks to represent request relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF
**(Labor Code §§ 226.7, 512)**
**(On Behalf of Plaintiff and the First and Second Meal Period Subclasses Against Each Defendant)**

76.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

77.     At all relevant times, Plaintiff and all other members of the Plaintiff Class were employees of Defendants covered by Labor Code sections 226.7 and 512, and the applicable Wage Order.

78.     Labor Code section 226.7 provides as follows:

> (b) An employer shall not require any employee to work during any meal or rest… period mandated pursuant to… an applicable… order of the Industrial Welfare Commission.

> (c) If an employee fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

79.     Labor Code section 512(a) provides as follows:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked in no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

80.     Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Section 11(A) of the applicable Wage Order provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…"

81.     Section 11(B) of the applicable Wage Order provides, in pertinent part: "An employer may not an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…"

82.     Defendants failed to provide members of the First and Second Meal Period Subclasses with compliant meal periods as provided in Labor Code sections 226.7 and 512, and failed to pay them the additional pay at the employee's regular rate of compensation for each work day in lieu of providing off-duty meal period(s). Defendants' policies are non-compliant because, among other reasons, they failed to provide employees to timely first and second meal period as required by law, including by failing to provide meal periods after the fifth hour of work, and failing to provide second meal periods when working shifts longer than ten hours.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

Defendants' policies further failed to provide for premium wages in lieu of lawful meal periods.

83.     As a result of Defendants' failure to comply with their obligations under Labor Code sections 226.7 and 512, and the applicable Wage Order, Plaintiff and the other members of the First and Second Meal Period Subclasses have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide meal periods as required by the law.

84.     At all times, Defendants engaged Plaintiff without having any policy to provide compliant first or second meal periods in the manner required by law, nor did the Defendants provide one hour of pay in lieu of non-compliant meal periods. Further, to the extent any breaks were provided, they were late, less than 30 minutes and/or Plaintiff was subject to Defendants' control and being called upon to return to duty, and thus not relieved of all duty for a full uninterrupted 30-minute time period.

85.     Plaintiff and the Plaintiff Class and First and Second Meal Period Subclasses he seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and other members of the First and Second Meal Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

86.     Plaintiff and the Plaintiff Class he seeks to represent request relief as described below.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF
**(Labor Code §§ 226.7, 512)**
**(On Behalf of Plaintiff and the Rest Period Subclass Against Each Defendant)**

87.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

88.     At all relevant times, Plaintiff and all other members of the Plaintiff

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 20 -

Class were employees of Defendants covered by Labor Code section 226.7 and the applicable Wage Order.

89.   Labor Code section 226.7 provides as follows:

> (b) An employer shall not require any employee to work during any meal or rest… period mandated pursuant to… an applicable… order of the Industrial Welfare Commission.

> (c) If an employee fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

90.   Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

91.   Section 12(A) of the applicable Wage Order provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

92.   Section 12(B) of the applicable wage order provides, in pertinent part: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

93.     Defendants failed to provide members of the rest period subclass with compliant rest periods as provided in Labor Code section 226.7 and failed to pay them the additional pay at the employee's regular rate of compensation for each work day in lieu of providing timely, off-duty rest period(s). Defendants' policies are non-compliant because, among other reasons, they fail to state employees are entitled to timely off-duty paid rest period as required by law. Defendants' policies further failed to provide for premium wages in lieu of lawful rest periods.

94.     As a result of Defendants' failure to comply with their obligations under Labor Code section 226.7, and the applicable Wage Order, Plaintiff and the other members of the Rest Period Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide rest periods as required by the law.

95.     At all times, Defendants engaged Plaintiff without having any policy to provide compliant first or second meal periods in the manner required by law, nor did the Defendants provide one hour of pay in lieu of non-compliant rest periods.

96.     Plaintiff and the Plaintiff Class and Rest Period Subclasses he seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and other members of the Rest Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

97.     Plaintiff and the Plaintiff Class he seeks to represent request relief as described below.

///

///

///

///

///

- 22 -

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(Labor Code §§ 226, 1174)**
**(On Behalf of Plaintiff and the Wage Statement Subclass Against Each**
**Defendant)**

98.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

99.     Labor Code section 226, subdivision (a) requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and members of the Plaintiff Class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a) on each and every wage statement that should have been provided to Plaintiff and members of the Plaintiff Class.

100.   Labor Code section 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to their employees. Defendants have knowingly and intentionally failed to comply with Labor Code section 1174. Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

101.   Section 7 of the applicable Wage Order requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and members of the Plaintiff Class.

102.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to provide accurate wage statements

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

reflecting all of the required information as set forth above, including but not limited to gross wages earned, net wages earned, the name and address of the employer, the inclusive dates of the pay period,  all time worked, and the applicable rates of pay for time worked.

103.   Plaintiff and members of the Wage Statement Subclass suffered injuries as a result of Defendants' intentional and knowing failure to provide to Plaintiff and the Plaintiff Class Members wage statements and to maintain the writings required by Labor Code section 226(a).

104.   As a direct result, Plaintiff and members of the Wage Statement Subclass have suffered and continue to suffer substantial injuries, losses and actual damages related to Defendants' violations, including lost wages, lost interest on such wages, and expense and attorney's fees in seeking to compel Defendants to fully perform their obligations

105.   Accordingly, Plaintiff and the Plaintiff Class and Wage Statement Subclass he seeks to represent request relief as described below, including statutory penalties up to the maximum amount as permitted by law.

106.   Plaintiff and the members of the Plaintiff Class he seeks to represent request relief as described below.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES OWED AT TERMINATION
### (Labor Code §§ 201-203)
**(On Behalf of Plaintiff and the Waiting Time Subclass Against Each Defendant)**

107.   Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

108.   Labor Code sections 201 and 202 require Defendants to pay employees all wages due no later than 72 hours after resignation from employment, or immediately in the case of discharge by the employer. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, then the employer must, as a penalty, continue to pay the subject employees' wages until the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 24 -

back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

109.   More than 30 days have passed since Plaintiff and members of the Waiting Time Subclass have left Defendants' employ.

110.   As alleged above, Plaintiff and the proposed Waiting Time Subclass are entitled to compensation for unpaid minimum wages, unlawfully deducted wages, regular pay, overtime pay, and non-compliant meal periods and failure to pay premium wages in lieu thereof but to date have not received such compensation.

111.   As a consequence of Defendants' willful conduct in not paying wages owed, certain members of the Plaintiff Class are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages, with interest and attorneys' fees and costs.

112.   Plaintiff and the Plaintiff Class he seeks to represent request relief as described below.

### SEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW
**(Business and Professions Code §§ 17200, *et seq.*)**
**(On Behalf of Plaintiff and the UCL Subclass Against Each Defendant)**

113.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

114.   The failure to pay minimum wages, overtime wages, and meal and rest period premiums caused by Defendants' systematic and routine conduct constituted unlawful, deceptive, and unfair business acts and/or practices within the meaning of Business and Professions Code sections 17200, *et seq.*, including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is a practice which is otherwise unfair, deceptive, and unlawful.

115.   This cause of action is brought under Business and Professions Code sections 17203 and 17204, commonly called the Unfair Competition Law. Under

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

this cause of action and pursuant to Business and Professions Code section 17208, Plaintiff and members of the proposed UCL Subclass seek restitution of premium wages and other pay owed, where such wages were due during the Class Period, according to proof.

116.   This cause of action is brought as a cumulative remedy as provided in Business and Professions Code section 17205, and is intended as an alternative remedy for restitution for Plaintiff, the "Rounding Subclass," "Regular Rate of Pay Subclass," the "First Meal Period Subclass," the "Second Meal Period Subclass," and/or the "Rest Period Subclass," for any portion of time commencing within three (3) years before filing this complaint, and as the primary remedy for Plaintiff, and aforementioned Subclasses for any portion of time during the *fourth year* before filing this Complaint, as this period of time exceeds the general three-year statute of limitations on statutory wage claims, and is a basis for restitution for all wage claims on an equitable basis and subject to court adjudication.

117.   As a result of Defendants' unlawful and unfair business practice of failing to pay minimum, regular, and overtime wages for all applicable hours worked, failing to pay premium wages for non-compliant meal periods, the failure to provide all meal periods as a matter of policy, failing to pay premium wages for non-compliant rest periods, the failure to provide all rest periods as a matter of policy, and the failure to pay wages upon termination of employment, Plaintiff and each member of the proposed "Rounding Subclass," "Rest Period Subclass," "First Meal Period Subclass," "Second Meal Period Subclass," and have suffered damages and are entitled to restitution in an amount according to proof for a time period of four years prior to the filing of this Complaint and until such time as (1) Defendants cease their unlawful business practices, (2) the commencement of trial, and/or (3) a date otherwise determined by the Court pursuant to the laws of California.

118.   Plaintiff, on behalf of himself and the proposed UCL Subclass, requests the violations of each Defendant be enjoined, and other equitable relief provided, as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

this court deems proper, including an order requiring Defendants to make tax contributions on the accrued wages in the form of FICA, Social Security, Medicare, Unemployment Insurance, or other appropriate payments. Defendants' conduct, business acts, and practices undermined competition and were done in order to avoid costs other lawful employers comply with in order to avoid payment of full compensation, wages, and statutory penalties owed.

119.   Plaintiff and the members of the UCL Subclass he seeks to represent request relief as described below, including restitution owed, in an amount according to proof, and for reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code, Code of Civil Procedure section 1021.5, or other applicable law.

## EIGHTH CAUSE OF ACTION

**PAGA Penalties for Failure to Pay Minimum and Overtime Wages in Violation of Labor Code §§ 510, 1194, and 1197, and the applicable IWC Wage Order**
**(On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

120.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

121.   Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

122.   Labor Code section 1194(a) provides: "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

123.   Labor Code section 510, states in pertinent part: "Any work in excess of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 27 -

eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

124.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

125.   Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

126.   At all relevant times, Defendants subjected all hourly employees, including Plaintiff, to a rounding system that resulted in the failure to pay all applicable minimum, regular, and overtime wages for all hours worked. Defendants used a uniform rounding system that rounded hours worked in a manner that unilaterally benefited Defendants and disregarded actual work time to the detriment of the employee. The rounding was not neutral in application or on its face and over

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

time resulted in a cumulative loss to the employees.

127.   This use of the rounding system during at least three years prior to the filing of this Complaint resulted in unpaid worktime for which Plaintiff and other aggrieved employees did not receive minimum and/or regular wages. For some shifts that would have required payment of overtime due to these hours actually worked, Defendants rounded to their benefit and thus failed to pay all overtime wages otherwise due.

128.   Defendants further failed to pay all overtime wages when they failed to properly calculate the regular rate of pay by including all remuneration paid thereto.

129.   Defendants' conduct violates Labor Code sections 510, 1194, and 1197 as well as the "Hours and Days of Work" and "Minimum Wages" sections of the applicable wage order.

130.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties and restitution as required by Labor Code sections 558(a)(3), 1197.1, and 2699(a) and (f)(2), and recoverable in an amount according to proof.

131.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Therefore, pursuant to Labor Code sections 558, 1194, 1194.2, and 1197.1, Plaintiff is entitled to recover, as a civil penalty and pursuant to the PAGA, the unpaid balance of wages owed, liquidated damages in an amount equal to the wages unlawfully unpaid, restitution of wages, plus interest, penalties, attorney's fees, expenses, and costs of suit.

132.   Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties that are otherwise available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and the

LWDA.

## NINTH CAUSE OF ACTION

**PAGA Penalties for Unlawful Deduction of Wages in Violation of Labor Code §§ 221 and 223**
**(On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

133.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

134.   Labor Code section 221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

135.   Labor Code section 223 states: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

136.   Labor Code section 225.5 states:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
>
> (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

137.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 30 -

1  brought by an aggrieved employee on behalf of himself or herself and other current
2  or former employees pursuant to the procedures specified in Section 2699.3."

3      138.  Labor Code section 2699(f)(2) states: "For all provisions of this code
4  except those for which a civil penalty is specifically provided, there is established a
5  civil penalty for a violation of these provisions, as follows… (2) If, at the time of the
6  alleged violation, the person employs one or more employees, the civil penalty is
7  one hundred dollars ($100) for each aggrieved employee per pay period for the
8  initial violation and two hundred dollars ($200) for each aggrieved employee per pay
9  period for each subsequent violation."

10     139.  At all relevant times, Defendants maintained a policy unlawfully
11 subjecting Plaintiff and other aggrieved employees to deductions arising out of the
12 unlawful rounding policy. Defendants used a uniform rounding system that rounded
13 hours worked in a manner that unilaterally benefited Defendants and disregarded
14 actual work time to the detriment of the employee, thereby resulting in an unlawful
15 deduction of wages.

16     140.  As a result, Defendants willfully violated the Labor Code and are liable
17 to Plaintiff, and other aggrieved employees, for penalties and restitution as required
18 by Labor Code sections 2699(a) and 225.5, and recoverable in an amount according
19 to proof.

20     141.  As a proximate result of the aforementioned violations, Plaintiff has
21 been damaged in an amount according to proof at time of trial, but in an amount in
22 excess of the jurisdiction of this Court. Plaintiff is entitled to recover, as a civil
23 penalty and pursuant to the PAGA, the unpaid balance of wages owed, liquidated
24 damages in an amount equal to the wages unlawfully unpaid, restitution of wages,
25 plus interest, penalties, attorney's fees, expenses, and costs of suit.

26     142.  Plaintiff, as a personal representative of the general public, will and
27 does seek to recover any and all penalties pursuant to sections 2699(a) and 225.5 for
28 each and every violation shown to exist or to have occurred under Labor Code

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 31 -

sections 221 and/or 223 or in the alternative, penalties provided by Section 2699(f)(2), in an amount according to proof, as to those penalties that are otherwise only available in public enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## TENTH CAUSE OF ACTION

**PAGA Penalties for Failure to Provide Meal Periods in Violation of Labor Code §§ 226.7, 512, and 558, and the applicable IWC Wage Order (On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

143.   Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

144.   Labor Code section 226.7 provides in pertinent part:

> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

145.   Labor Code section 512(a) provides in pertinent part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 32 -

employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

146. Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

147. Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

148. At all relevant times, Plaintiff and other aggrieved employees were not provided with lawful meal periods. As alleged above, Plaintiff and other aggrieved employees have been deprived, and continue to be deprived, of thirty-minute off-duty meal periods when they worked five hours or longer per day, and second meal periods when they worked ten hours or longer per day, and premium wages in lieu of the meal periods.

149. Plaintiff and other aggrieved employees were never paid a meal period premium for non-compliance with Labor Code section 226.7.

150. Defendants conduct violates Labor Code sections 226.7 and 512, as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 33 -

well as the "Meal Periods" section of the applicable IWC wage Order.

151.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to recover, as a civil penalty and pursuant to the PAGA, the unpaid balance of wages owed, liquidated damages in an amount equal to the wages unlawfully unpaid, restitution of wages, plus interest, penalties, attorney's fees, expenses, and costs of suit.

152.   Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties that are otherwise only available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of the penalties recovered being reimbursed to the State of

## ELEVENTH CAUSE OF ACTION

**PAGA Penalties for Failure to Provide Accurate Itemized Wages Statements in Violation of Labor Code § 226 and the applicable IWC Wage Order**
**(On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

153.   Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

154.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the other aggrieved employees. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff and other aggrieved employees, by utilizing a rounding policy which unilaterally favors Defendants and subtracts time worked from Plaintiff and other aggrieved employees.

155.   Labor Code section 226.3 provides for civil penalties for violations of the Labor Code section 226. The civil penalty is $250 for the initial violation and $1000 for each subsequent violation.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 34 -

156.  Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

157.  Labor Code section 2699(f) (2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

158.  By virtue of Defendants' policy and practice of failing to list the correct total amount of hours worked, net and gross wages earned, all applicable hourly rates and the total hours worked at each rate, they thereby issued inaccurate itemized wage statements to Plaintiff and other aggrieved employees.

159.  Defendants' conduct violates Labor Code section 226 as well as the "Records" sections of the applicable IWC wage Order.

160.  As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties and restitution as required by Labor Code section 226.3 or, in the alternative, section 2699(f)(2) and recoverable in an amount according to proof.

161.  As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

162.  Plaintiff, as a personal representative of the general public, will and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 35 -

does seek to recover any and all penalties for each and every violation shown to exist or to have occurred under Labor Code section 226.3, or in the alternative, penalties provided by Section 2699(f)(2) during the one-year period before Plaintiff filed Notice with the LWDA of his intent to bring this action, in an amount according to proof. Funds recovered will be distributed in accordance with the PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and the LWDA.

### TWELFTH CAUSE OF ACTION

**PAGE Penalties for Failure to Pay All Wages Owed at Termination of Employment in Violation of Labor Code §§ 201-203**
**(On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

163.   Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

164.   Plaintiff and other aggrieved employees who ended their employment with the Defendants during the last year were entitled to be promptly and fully paid all the lawful overtime compensation owed as required by Labor Code sections 201-203.

165.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

166.   Labor Code section 2699(f)(2) provides for civil penalties for violations of the Labor Code, for which there is no corresponding civil penalty, including Labor Code section 203.  The civil penalty is $100 for the initial violation and $200 for each subsequent violation for each underpaid employee in addition to "an

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

amount sufficient to recover underpaid wages." Labor Code § 2699(f)(2).

167.   As set forth herein, Defendants failed to pay all wages and penalties owed to Plaintiff and other aggrieved employees within the timeline required by Cal. Labor Code sections 201-203.

168.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties and restitution as required by Labor Code section 2699(f)(2) and recoverable in an amount according to proof.

169.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

170.   Plaintiff, as a personal representative of the general public, will and does seek to recover any and all penalties under Labor Code section 2699(f)(2) for each and every violation shown to exist or to have occurred under Labor Code sections 201- 203 during the one-year period before Plaintiff filed Notice with the LWDA of his intent to bring this action, in an amount according to proof. Funds recovered will be distributed in accordance with the PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and the LWDA.

## THIRTEENTH CAUSE OF ACTION

**PAGE Penalties for Failure to Provide Written Notice in Violation of Labor Code § 2810.5**
**(On Behalf of Plaintiff and each Similarly Aggrieved Employee Against All Defendants)**

171.   Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

172.   Labor Code section 2810.5 requires an employer to provide certain information, including the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable; Allowances, if any, claimed as part of the minimum

- 37 -

wage, including meal or lodging allowances; The regular payday designated by the employer; the name of the employer, including any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer; the name, address, and telephone number of the employer's workers' compensation insurance carrier; and an employee's rights regarding sick pay.

173.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

174.   Labor Code section 2699(f)(2) provides for civil penalties for violations of the Labor Code, for which there is no corresponding civil penalty.   The civil penalty is $100 for the initial violation and $200 for each subsequent violation for each underpaid employee in addition to "an amount sufficient to recover underpaid wages." Labor Code § 2699(f) (2).

175.   As set forth herein, Defendants failed to provide Plaintiff and other aggrieved employees this requisite notice.

176.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties and restitution as required by Labor Code section 2699(f)(2) and recoverable in an amount according to proof.

177.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

178.   Plaintiff, as a personal representative of the general public, will and does seek to recover any and all penalties under Labor Code section 2699(f)(2) for

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

each and every violation shown to exist or to have occurred under Labor Code section 2810.5 during the one-year period before Plaintiff filed Notice with the LWDA of his intent to bring this action, in an amount according to proof. Funds recovered will be distributed in accordance with the PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and the LWDA.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOSE CONTRERAS, on behalf of himself and all other similarly situated and similarly aggrieved employees, prays for judgment only as to those remedies which are permissible in superior court or district court and not subject to being compelled to arbitration as follows:

a.    For certification of this action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

b.    For appointment of Plaintiff as the representatives of the Plaintiff Class and Subclasses;

c.    For appointment of counsel for Plaintiff as Class Counsel;

d.    For an order bifurcating the action into liability and damages stages, or as otherwise efficient for the administration of justice;

e.    On the First and Second Causes of Action, for unpaid regular wages at the regular rate of pay and/or overtime wages as required by Labor Code sections 1194-1197 for each "Rounding" and "Regular Rate of Pay" Subclass Member in an amount according to proof;

f.    On the First and Second Causes of Action, for liquidated damages under Labor Code section 1194.2 for each "Rounding" and "Regular Rate of Pay" Subclass Member for unpaid minimum wages under Labor Code section 1194;

g.    On the Third Cause of Action for unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to each "First Meal

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 39 -

Period" and "Second Meal Period" Subclass Member pursuant to Labor Code sections 226.7 and 512, and Section 11 of the applicable Wage Order;

h.      On the Fourth Cause of Action for unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to each "Rest Period" Subclass Member pursuant to Labor Code section 226.7 and Section 11 of the applicable Wage Order;

i.      On the Fifth Cause of Action for statutory damages and penalties under Labor Code sections 226(e) and (g), to the extent provided by law, up to a maximum of $4,000.00 per "Wage Statement" Subclass Member, in an amount according to proof;

j.      On the Sixth Cause of Action, for statutory damages of up to 30 days of pay at the regular rate of pay for failing to timely remit payment of wages to former employees in the "Waiting Time Subclass" pursuant to Labor Code sections 201-203, in an amount according to proof;

k.      On the Seventh Cause of Action, for the UCL Subclass, to recover all restitution for minimum wages, overtime wages, meal and rest period premiums, and any other form of wages that were not paid to members of the UCL Subclass during the Class Period as a result of conduct of all Defendants. Said restitution may be calculated in accordance with California Business and Professions Code sections 17203 and 17204, including trial of UCL claims by the Court in equity before legal claims in an amount according to proof;

l.      For all unpaid meal and rest period premiums as permitted by Labor Code sections 226.7, 512, and 558.1, and Section 11 of the applicable Wage Order, in an amount according to proof;

m.      For restitution of wages and liquidated damages under Labor Code sections 225.5, 1194-1197, 2699.3, and 558(a)(3) in an amount to be assessed and according to proof;

n.      For maintenance of this claim as a Representative Action under the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 40 -

PAGA, and providing Plaintiff and his counsel with all enforcement capability as if this action has been instituted by the Department of Labor Standards enforcement ("DLSE");

o. For recovery of civil penalties as permitted by Labor Code sections 2699.3, 1197.1, and 558(a)(3) in an amount according to proof;

p. For recovery of civil penalties as permitted by Labor Code section 226.3 for failing to provide accurate itemized wage statements, in an amount to be assessed and according to proof;

q. For recovery of civil penalties as permitted by Labor Code section 256 for failing to provide wages timely to terminated employees upon separation of employment;

r. For recovery of civil penalties pursuant to Labor Code section 2699(f)(2) where a statutory civil penalty is not provided, for failing to comply with Labor Code sections 201-203, 1198, and 2810.5;

s. For Pre-Judgment and Post-Judgment interest, to the extent permitted by law as to any restitution recovery;

t. For Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code sections 218.5, 226(e), 1194, the PAGA, and/or Code of Civil Procedure section 1021.5 on a public benefit theory; and all other applicable state laws;

u. For injunctive relief; and

v. Such other legal equitable relief as this Court deems necessary, just, equitable and proper.

Dated: June 14, 2019                    **COHELAN KHOURY & SINGER**

By: s/Kristina De La Rosa
    Kristina De La Rosa
Attorneys for Plaintiff JOSE CONTRERAS

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 41 -

# VIII.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial of all claims triable as of right by jury.


Dated: June 14, 2019                    **COHELAN KHOURY & SINGER**


                                        By:  s/Kristina De La Rosa
                                             Kristina De La Rosa

                                        Attorneys for Plaintiff JOSE CONTRERAS

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# EXHIBIT 1

# COHELAN KHOURY & SINGER

### A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC●

(*Also admitted in the District of Columbia)
(●Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI ∆
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)
(∆ Of Counsel)

January 11, 2019

## NOTICE VIA ONLINE SUBMISSION
California Labor and Workforce Development Agency

## VIA CERTIFIED MAIL (RETURN RECEIPT)

Americold Logistics, LLC
10 Glenlake Parkway 600 South Tower
Atlanta, GA 30328

Americold Logistics, LLC
c/o C T Corporation System
818 W. Seventh Street, Suite 930
Los Angeles, CA 90017

**Re**:   **NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
LABOR CODE SECTION 2699.3**

This letter shall serve as Jose Contreras's (hereafter "Claimant") *Notice* pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code sections 2698, *et seq*., regarding his wage and hour claims against his former employer, Americold Logistics, LLC (hereafter "Employer" and/or "Americold"). Claimant submits this notice on behalf of all current and former aggrieved non-exempt employees who worked in California for Americold.

Claimant and other aggrieved employees, were subject to the same policies and practices alleged herein which impermissibly denied aggrieved employees their rights pursuant to the California Labor Code as set forth below.

## FACTUAL ALLEGATIONS

Claimant worked for Americold Logistics, LLC as a warehouse non-exempt employee from approximately September 25, 2013 until he was discharged from employment in or around April or May of 2018. At all times during his employment and at least one year prior to the date of this notice, Claimant was subjected to a uniform policy and practice of unlawful time rounding. That is, Americold rounded his and other aggrieved employees' hours worked to the nearest quarter of an hour, which over time, unlawfully favored Americold and resulted in time lost to the employees, including Claimant. This rounding policy was not neutral on its face or in application, and resulted in a cumulative loss of time to the employees.

Americold had the ability to pay for the precise hours worked, but opted instead to utilize the rounding policy with no apparent benefit other than to benefit Americold and deprive employees of payment for all hours worked. Strict rules regarding punctuality and rules favoring meal periods of less than thirty minutes further affected the rounding policy to result in more favorable results to Americold. As a result, Claimant and other employees were not paid all minimum and regular wages for all hours worked. When the employees worked overtime, the

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 2

rounding policy also resulted in the failure to pay all overtime wages for all overtime hours worked.

Americold further failed to pay all overtime wages for all overtime hours worked because it failed to properly calculate the regular rate of pay for purposes of calculating overtime rates (time and a half and double time rates). Claimant and other aggrieved employees were eligible to earn, and did earn, non-discretionary incentive pay and flat rate shift bonuses. Claimant and aggrieved employees worked overtime during the same workweek in which they earned non-discretionary incentive pay and flat rate shift bonuses. However, this additional remuneration was not properly calculated into the regular rate of pay and as a result the overtime wages were not calculated using the correct regular rate of pay. Accordingly, Americold failed to pay all overtime wages.

Americold also subjected its employees, including Claimant, to an unlawful Meal Period policy. Often, Claimant was not provided an opportunity to take a meal period until after the end of his fifth hour of work. Furthermore, when he was provided an opportunity to take a meal period, he was not provided a full thirty-minute off-duty meal period. Americold also failed to provide second off-duty meal periods of at least 30 minutes when employees worked more than ten hours in one day. Americold failed to pay an additional hour's worth of premium pay on each occasion that it failed to provide lawful meal periods as required by law.

Americold further failed to provide and maintain any wage statements and further failed to provide Claimant his complete personnel file upon request within time limits required by law.

Claimant further alleges, based on personal experience and observations, that the violations of the Labor Code described herein were suffered by other current and former non-exempt employees of Americold.

## <u>FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES</u>
(Labor Code §§ 510, 1194, 1197, 1197.1, 1198, and the "Minimum
Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order)

Employer failed to pay all minimum, regular and overtime wages by law.

Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

Labor Code section 1197 states: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 3

employees, and the payment of a less wage than minimum wage so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the applicable Wage Order, an employer may not pay employees less than the applicable minimum wage for all hours worked, and provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

As set forth in detail above, Employer violated Labor Code sections 510, 1197, 1194, 1198, and the "Minimum Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order because it did not pay Claimant and other aggrieved current and former employees all minimum, regular, and overtime wages for all hours worked.

## **FAILURE TO PROVIDE MEAL PERIODS**
(Labor Code §§ 226.7, 512(a), 1198 and the "Meal Periods"
Sections of the Applicable Wage Order)

During the time that Claimant performed work for Employer, Employer did not notify Claimant and other employees of their right to take meal periods. Claimant and other employees were not authorized and permitted to take thirty-minute, uninterrupted, off-duty meal periods. Often any meal periods which were provided, were late and less than thirty minutes. Accordingly, Employer denied Claimant and other employees with compliant meal periods and the meal premiums due to them under the law.

Labor Code section 226.7(c) states: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Consequently, Claimant is entitled to receive a one-hour wage premium for each day a compliant meal period was not provided and a one-hour wage premium for each day a compliant rest period was not provided. Claimant intends to pursue all remedies, including recovery of wages, interest, attorney's fees and costs, and penalties to the extent allowed by law.

Labor Code section 512(a) states: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 4

per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

Labor Code section 226.7(b) states: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Pursuant to the "Meal Period" Section of the applicable IWC Wage Order, no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period will be waived by mutual consent of the employer and the employee. If an employer fails to provide an employee a meal period in accordance with the applicable provision of the order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

For violating Labor Code section 512, Labor Code sections 2699, *et seq*. also imposes a penalty of $100.00 for each underpaid employee for the initial violation and $200.00 per employee for each pay period for which the employee was underpaid, in addition to an amount sufficient to recover underpaid wages.

As set forth above, Employer denied Claimant and employees meal periods due to them under the law.  Consequently, Employer must pay one hour of wages for each day a proper meal period was not properly provided and one hour wages for each day a meal period was not properly provided. This applies to Claimant and all other current and former employees who were not provided with legally compliant meal periods.

Claimant intends to pursue all remedies for meal period violations on behalf of himself and other current and former employees, including recovery of wages, attorney's fees, costs, and penalties to the extent allowed by law.

## UNLAWFUL DEDUCTION OF WAGES
(Labor Code §§ 221, 223, 225.5)

California Labor Code section 223 states that "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 5

California Labor Code section 225.5 provides:

"In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

As set forth in detail above, Employer violated Labor Code sections 221 and 223, and the "Minimum Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order because the rounding policy deducted hours worked by Claimant and other aggrieved current and former employees, resulting in the failure to pay all minimum, regular, and overtime wages for all hours worked.

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Labor Code §§ 246(i), 226(a), 226.3, 1198, 2699, and the
### "Records" Section of the Applicable Wage Order)

Labor Code section 226(a) states in pertinent part: "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing:  (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer. . .; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000.00 per employee for each violation in a subsequent citation. In addition, Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 6

violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimant is entitled to an award of costs and reasonable attorney's fees.

Employer failed to provide Claimant and other current and former employees with accurate, timely itemized wage statement complying with the requirements of the Labor Code and applicable IWC Wage Order. Employer further failed to maintain these wage statement records as required by law. Furthermore, Claimant's wage statements did not include the correct number of hours worked and wages earned. Claimant will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, on behalf of himself and other non-exempt current and former similarly-aggrieved employees of Employer.

## FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
(Labor Code §§ 201, 201.3, 202, 203, 204, 256, 1198, 2699
and the "Minimum Wages" Section of the Applicable Wage Order)

Labor Code section 204(a) states, in pertinent part, "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." The "Minimum Wages" Section of the applicable Wage Order further states "every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 201.3 states, in relevant part, "if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week…If an employee of a temporary services employer is assigned to work for a client and is discharged by the temporary services employer or leasing employer, wages are due and payable as provided in Section 201…If an employee of a temporary services employer is assigned to work for a client and quits his or her employment with the temporary services employer, wages are due and payable as provided in Section 202… A temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law."

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 7

Labor Code section 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203."

Employer failed to timely pay Claimant and similarly-aggrieved employees all wages due and owing during and upon termination of employment. Employer willfully failed to pay all wages when required by Sections 201, 201.3, and 202 of the Labor Code. Therefore, Employer owes penalties to all affected employees, including Claimant. Claimant will pursue all remedies for Employers' failure to pay timely wages on behalf of himself and other current and former similarly-aggrieved employees, including recovery of wages, waiting time penalties, attorney's fees, costs, and penalties to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF
## THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

Labor Code section 1197.1 states that any employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 8

addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, Employer violated the IWC Wage Order regulating the hours and days of work, Labor Code sections 510, 1197, and 1198 and caused the employees to be paid less than the minimum set by the IWC Wage Order. As a result, Employer is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.

Claimant will pursue all remedies on behalf of himself and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

## DUTIES OF EMPLOYER
(Labor Code §§ 246(i), 1174, 1174.5, 1175, 2810.5, and 1198 and IWC Wage Order § 7)

Labor Code section 1174 describes certain duties of every employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. Employer violated this requirement by its failure to accurately record employee hours worked and/or paid. Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimant and all other similarly-situated current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

Labor Code section 2810.5 further requires an employer to provide to each employee a written notice containing certain information, including rates of pay, meal or lodging allowances, designated payday, name of employer, physical address of employer's main office or principal place of business, contact information of the employer, and worker's compensation carrier contact information. Employer entirely failed to comply with this requirement.

Employer failed to maintain accurate records regarding the hours worked and wages earned as require by law. Employer further failed to maintain and provide accurate wage statements. Employer did not provide the requisite Section 2810.5 notices to Claimant and other employees. Finally, Employer failed to provide Claimant a full and complete copy of his personnel file as requested and within the time limits required by law. Claimant will pursue all remedies on behalf of himself and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

## ATTORNEY'S FEES, COSTS, INTEREST AND PENALTIES
(Labor Code §§ 218.6, 226(e), 1194, 1194.2, and 2699 et seq. and 2802)

Labor Code sections 218.6, 226(e), 1194, 1194.2, and 2699, *et seq.* give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages,

California Labor and Workforce Development
Americold Logistics, LLC
January 11, 2019
Page 9

regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, reasonable attorney's fees, and costs of suit.

Pursuant to Labor Code section 2699, *et seq*., aggrieved employees are entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, Americold Logistics, LLC is liable for these items in addition to the unpaid wages and reimbursements. Jose Contreras and other current and former aggrieved employees have already incurred in actual damages, costs, and attorney's fees and will continue to incur costs as a result of Americold Logistics, LLC's unlawful actions.

## <u>CONCLUSION</u>

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional claims, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in the complaint for damages. Should you have any questions, please feel free to contact me at your convenience.

Sincerely,
COHELAN KHOURY & SINGER

Kristina De La Rosa. Esq.

cc:
<u>Via Email</u>
Sahag Majarian, Esq.
Law Offices of Sahag Majarian II
18250 Ventura Blvd.
Tarzana, CA 91356
sahagii@aol.com